UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6389 PA (OPx) | | Date | August 15, 2012 |
|---|---|---|---|---|
| Title | Sergio Salcedo v. Wells Fargo Bank, N.A. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before the Court is the First Amended Complaint ("FAC") filed by pro se plaintiff Sergia Salcedo ("Plaintiff") against defendants Wells Fargo Bank, N.A.; Mortgage Electronic Registration Services, Inc.; Regional Service Corporation; Saxon Mortgage Services, Inc.; Lender Processing Servicing Company; Christina Allen; Liquenda Allotey; Marilee Hakkinen; Menghong But; Jose Edward Cabanas; Austreberta Canabanas; and Maria Sandoval (collectively "Defendants"). The FAC asserts six state law causes of action related to the foreclosure of Plaintiff's home.

    The FAC asserts that the Court has subject matter jurisdiction over this action based on both federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff's allegations, however, are insufficient to invoke the Court's jurisdiction.

    As to Plaintiff's allegations of federal question jurisdiction, it appears that none of the causes of action in the FAC are based on a federal statute or implicate federal law in such a way as to establish that those claims "arise under" federal law for the purposes of 28 U.S.C. § 1331.

    Plaintiff's allegations related to diversity jurisdiction are similarly inadequate. In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

    Plaintiff affirmatively alleges that a number of the individual defendants in this action are California citizens. (See FAC ¶¶ 12-14.) Although Plaintiff does not allege his own citizenship, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6389 PA (OPx) | Date | August 15, 2012 |
|---|---|---|---|
| Title | Sergio Salcedo v. Wells Fargo Bank, N.A. | | |

FAC alleges that he resides in California. Thus, it appears that complete diversity of citizenship is not present. Moreover, as to a number of the corporate defendants, Plaintiff alleges only their principal places of business or "location." (See id. ¶¶ 5-7.) This is insufficient to establish their citizenship for diversity purposes.

It appears, then, that the Court lacks subject matter jurisdiction over this action. The Court therefore orders Plaintiff to show cause in writing why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's response to this order to show cause shall be filed no later than August 30, 2012. The failure to adequately respond to this order by that date may result in the dismissal of this action without prejudice.

IT IS SO ORDERED.